UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. MOYNIHAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:07CV00506 ERW |
| CARLOS GUTIERREZ, SECRETARY, U.S. DEPARTMENT OF COMMERCE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon the United States Department of Commerce's Motion to Dismiss [doc. #7].

### I. BACKGROUND AND PROCEDURAL HISTORY

On March 14, 2007, Joseph P. Moynihan ("Plaintiff"), who is proceeding *pro se*, filed a Complaint alleging violation of his rights under the Family and Medical Leave Act ("FMLA") by his employer, the United States Department of Commerce ("Defendant"). On November 7, 2006, Plaintiff began service in the position of Able Seaman for the National Marine and Aviation Operations (NMAO) Division of the National Oceanic and Atmospheric Administration, a bureau of the Department of Commerce.

On February 5, 2007, Plaintiff requested twelve (12) weeks of Family Leave to begin April 10, 2007, to care for his newborn son. Plaintiff's supervisor denied his request on February 7, 2007, reasoning that he was not qualified for Family Leave because his child was born nine months prior to his request for leave and did not have a medical condition. Plaintiff appealed this

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

decision, and his appeal was denied for the same reason. Plaintiff sought review of this decision on February 9, 2007, and the matter was turned over to Work Force Management ("WFM"). WFM denied Plaintiff's request for Family Leave on February 22, 2007, stating that he did not have enough time in service with the Federal Government. Plaintiff responded by asking WFM if they had considered his prior service with Customs and Boarder Protection, and sent WFM documentation of this prior service. On March 7, 2007, Plaintiff was notified of termination, effective March 9, 2007, which was within his probationary employment period and unrelated to his request for Family Leave. Plaintiff resigned on March 8, 2007, citing interference with and denial of his rights under the FMLA. Plaintiff has filed this claim, alleging the violation of his rights under FMLA. Plaintiff seeks monetary damages, including "double back pay."

## II.  LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). For an action to be dismissed under 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Id.* at 729. The identification of whether a challenge is facial or factual is a necessary step, and this identification establishes how the Court should proceed when resolving a motion to dismiss under 12(b)(1). When subject matter jurisdiction is challenged based on the factual truthfulness of the assertions, the Court will consider "matters outside the pleadings," including testimony and affidavits. *Id.* (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual challenge is also considered to arise

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

whenever a court "inquires into and resolves factual disputes." *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). However, when the Court's subject matter jurisdiction is challenged in a facial attack, the Court "restricts itself to the face of the pleadings." *Osborn*, 918 F.2d at 729.

Before the Court today is a facial attack on subject matter jurisdiction as Defendant has limited its challenge to the allegations in Plaintiff's Complaint. As a result, the Plaintiff is entitled to "the same protections as it would [have been given to defend] against a motion brought under Rule 12(b)(6)." *Id.* at 729 n.6. These protections require that the Court not consider any matters outside of the pleadings and mandate that all of the factual allegations in the complaint be presumed to be true. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). The Court will only dismiss the complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn*, 918 F.2d at729 n.6 (internal citations omitted).

## III. DISCUSSION

### A. SOVEREIGN IMMUNITY

Defendant contends that this Court lacks jurisdiction over Plaintiff's Complaint due to Defendant's immunity from suit and that as a result, Plaintiff's claim must be dismissed pursuant to Rule 12(b)(1). Plaintiff asserts that jurisdiction exists under 28 U.S.C. § 1331, the "general grant of civil federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States." *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) (*citing* 28 U.S.C. § 1331). However, this provision does not independently provide substantive rights in suits brought against the United States. *Id.* (*citing Hagemeier v. Block*, 806

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

F.2d 197, 202-03 (8th Cir. 1986)). Therefore, a party seeking relief against the United States must base their claim on some additional authority which waives the government's sovereign immunity. *Id.*

As a sovereign, the United States is immune from suit except to the extent that it consents to be sued, "'and the terms of its consent . . . define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (*quoting United States v. King*, 395 U.S. 1, 4 (1969)); *see also Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002).

An example of an effective, unequivocal waiver can be seen in the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2674. The FTCA provides for limited waiver of sovereign immunity, stating that the United States is liable for compensatory damages, but not interest or punitive damages, for injuries that result from certain categories of acts of Government employees. 28 U.S.C. §§ 1346(b)(1), 2674; *United States v. Orleans*, 425 U.S. 807, 813 (1976). To survive Defendant's Motion to Dismiss, Plaintiff must have a civil cause of action under the FMLA that is analogous to the FTCA's waiver of the United States' sovereign immunity from suit in the context at issue. If the United States has not waived its immunity, this defense will preclude court jurisdiction. *Mitchell*, 445 U.S. at 538 (*citing Sherwood*, 312 U.S. at 587-88). Therefore, it is necessary for the Court to look to the FMLA for any waiver of sovereign immunity that would confer upon the Plaintiff substantive rights to bring suit.

**B.     FMLA**

The FMLA grants private and federal employees an entitlement to periods of leave under

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

certain circumstances. *See* 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). Title I of the FMLA governs the entitlement of "private employees and federal employees not covered by Title II" to leave. *Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999); *see also* 29 U.S.C. § 2611(2) . Title II of the FMLA entitles federal civil service employees who have met specific service requirements to similar leave provisions.[1] *See* 5 U.S.C. §§ 6381-6387. "[M]ost employees of the federal government to whom the FMLA applies . . . are governed by Title II of the FMLA." *Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997); *see* 5 U.S.C. §§ 2105, 6301(2) (providing a series of definitions for the term "employee" as used in Title II of the FMLA). Plaintiff is a Title II employee, and the parties do not dispute this classification.

Although the United States Court of Appeals for the Eighth Circuit has never considered whether federal employees were granted a cause of action under Title II of the FMLA, the Fourth, Ninth, Eleventh, and Federal Circuits have all held that federal employees may not bring suits based on FMLA violations. *Mann*, 120 F.3d at 37; *Russell*, 191 F.3d at 1019; *Cavicchi v. Secretary of the Treasury*, 2004 WL 4917357, *6 (11th Cir. October 15, 2004); *Bogumill v. Office of Personnel Management*, 1998 WL 486754, *1 (Fed. Cir. August 13, 1998). Title I expressly creates a right of action for private employees, however, Title II does not contain an analogous provision. *Id.; Krohn v. Forsting*, 11 F.Supp.2d 1082, 1085 (E.D. Mo. 1998); *see also* 29 U.S.C. § 2617(a)(2); 5 U.S.C. §§ 6381-6387. "The omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial

---

[1] The Court notes that Plaintiff may not have met the service requirements necessary to entitle him to FMLA leave. However, the Court does not address the issue of FMLA eligibility because any redress Plaintiff may have is clearly barred by Defendant's sovereign immunity.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

review of their FMLA claims through the FMLA." *Mann*, 120 F.3d at 37.

Plaintiff was a federal employee, and falls under the protections granted by Title II of the FMLA. Congress has not "unequivocally" waived the sovereign immunity of the United States in Title II of the FMLA. *See Mitchell,* 445 U.S. at 538 (*quoting King*, 395 U.S. at 4). The absence of express authorization precludes Plaintiff's suit. The Court agrees with the Fourth, Ninth, Eleventh, and Federal Circuits that the absence of an express waiver of sovereign immunity by the Government precludes Plaintiff's FMLA claim for interference with his rights. As sovereign immunity has not been waived by Congress, the Plaintiff has failed to allege facts upon which the Court may base jurisdiction and this claim must be dismissed under Rule 12(b)(1).

### IV.     CONCLUSION

Plaintiff has failed to present any basis upon which this Court may legitimately exercise jurisdiction to hear his claim under the Family and Medical Leave Act. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #7] is **GRANTED.**

Dated this 27th of September, 2007.

                                                                        _____
                                                                        E. RICHARD WEBBER
                                                                        UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com